NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3338

JENEICE HUNTER,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Jeneice Hunter, of Hampton, Virginia, pro se.

Kenneth S. Kessler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Mark A. Melnick, Assistant Director.

Appealed from:  United States Merit Systems Protection Board

Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3338

JENEICE HUNTER,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

DECIDED: February 12, 2007

Before SCHALL, GAJARSA, and PROST, Circuit Judges.

PER CURIAM.

## DECISION

Jeneice Hunter petitions for review of the final decision of the Merit Systems Protection Board ("Board") that denied her petition for enforcement of a settlement agreement between Ms. Hunter and the Department of Veterans Affairs ("VA"). Hunter v. Dep't of Veterans Affairs, DC-0752-05-0322-C-2 (MSPB Jun. 13, 2006). We affirm.

## DISCUSSION

### I.

On March 3, 2003, Ms. Hunter filed an appeal with the Board challenging the VA's action separating her from Federal Service. On May 12, 2005, the parties resolved the action through a settlement agreement. The settlement agreement

provided, inter alia, that the VA would offer Ms. Hunter another position within the agency contingent upon the receipt of medical documentation indicating her ability to perform the duties of the position. Settlement Agreement at 1. If Ms. Hunter could not obtain such medical documentation, the parties agreed that she would apply for disability retirement. In such case, the VA would not contest her application and would assist her, upon request, with the processing of her application. Settlement Agreement at 2.

On September 14, 2005, Ms. Hunter filed a first petition for enforcement of the settlement agreement alleging that she had filed a disability retirement application with the Office of Personnel Management ("OPM") and had not received a response. She also alleged that the VA had not adequately assisted her in the processing of the application. The Administrative Judge ("AJ") to whom the matter was assigned denied the first petition for enforcement based on a determination that Ms. Hunter failed to establish a breach of the settlement agreement by the VA. That decision is not before us.

On January 27, 2006, Ms. Hunter filed a second petition for enforcement of the settlement agreement. In her second petition, Ms. Hunter alleged that the VA had not provided her another position within the VA and that her application for disability retirement had been denied. The VA responded to the petition for enforcement by asserting that, following execution of the settlement agreement, the parties had numerous communications regarding the VA's job offer; that Ms. Hunter's physician did not ultimately give Ms. Hunter the requisite medical clearance required by the settlement agreement to appoint her to another position; and that the VA then assisted

Ms. Hunter with her disability retirement application and submitted it to OPM. Ms. Hunter did not submit a response to the VA's submission.

In an initial decision, the Administrative Judge ("AJ") held that Ms. Hunter failed to show noncompliance by the VA with the terms of the settlement agreement and dismissed her petition for enforcement. Hunter v. Dep't of Veterans Affairs, DC-0752-05-0322-C-2 (MSPB March 15, 2006) ("Initial Decision"). The Initial Decision, became the final decision of the Board on June 13, 2006 when the Board denied Ms. Hunter's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). This appeal follows. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

We see no error in the Board's decision in this case. The AJ denied Ms. Hunter's petition for enforcement after finding that Ms. Hunter's physician had failed to provide her with medical clearance to return to duty and that the VA had assisted Ms. Hunter with her disability retirement application. Initial Decision at 3. On appeal, Ms. Hunter does not contest these findings. Rather, she argues that she has done nothing wrong.

The AJ properly determined that the VA's actions fully complied with the terms of the settlement agreement. The settlement agreement imposed two alternative obligations on the VA. The VA was obligated to offer Ms. Hunter another position within the agency contingent upon the receipt of medical documentation indicating her ability to perform the duties of the position. In the alternative, if Ms. Hunter was unable to receive medical documentation indicating her ability to perform the duties of the position, the VA was obligated to assist Ms. Hunter with her disability application, an obligation that the AJ found was met. Because Ms. Hunter did not receive medical clearance from her physician, the VA was obligated to assist her with her disability application. Nothing in the settlement agreement guaranteed that OPM would grant Ms. Hunter disability retirement. OPM is a separate federal entity over which the VA has no control. It is OPM, not the VA, who makes disability retirement decisions. Because the VA did assist Ms. Hunter with her disability application, the AJ properly held that Ms. Hunter failed to show noncompliance by the VA with the settlement agreement.

For the foregoing reasons, the final decision of the Board dismissing Ms. Hunter's petition for enforcement is affirmed.